Duncan, J.
Demurrer to petition.
The plaintiff seeks partition of an estate. He is the owner of the undivided one-half of the estate and the defendants, Otto G-. Briggs and Luther A. Briggs,, of the other half, all subject to the life estate of the defendant, Charlotte Briggs. A demurrer is interposed to the petition upon the ground that partition does not lie where there is an outstanding -life estate in the whole tract. This contention must be sustained. Partition operates upon the possession. The object of the proceeding is to secure to the tenant the exclusive possession of his share of the joint property and where the petition does not state facts upon which the court can take jurisdiction of the possession, no such possession can follow the judgment. Tabler v. Diseman, 2 Ohio St., 207.
An answer and, cross-petition is filed by the owner of the life estate consenting to the partition and the sale and prays that she may be paid the value of her life estate out of the proceeds. This, of course, the demurrer does not reach. The demurrer is to the petition only. But I am asked whether partition would lie in case these facts wére set up in the petition also. I am inclined to think not. It is held that where the remainder-man is also the owner of a life estate, that par *18 tition may be had at his instance, “but,” the court say “ (unless by consent of the other owners of the remainder) there ought not bé a partition of the residue among them, for the reason that, if it should be done, they could acquire thereby no present right to the possession of their shares so set off." Elrod v. Bass, 1 C. C., 38; Toledo Loan Co. v. Larkin, 1 C.C.(N.S.), 473; Morgan v. Staley, 11 Ohio, 389.
That is to say, such tenant 'in common is entitled to have his share set off to him, but that partition can not be forced upon the other- remainder-men. It would certainly follow from this that if the plaintiff does not own the life estate either on the whole tract or some part of it, that partition can not be had without the mutual consent of all. To entitle him to partition, the court must first find that the plaintiff has a legal right to some part of the estate, and upon this -finding commissioners are appointed to make it. General Code, 12029.
Partition means division — not sale. The writ is directed to the sheriff with the command that, by the oaths of the commissioners, he cause to be “set off and divided” to the plaintiff, or each party in interest, such part and proportion of the estate as the court orders. General Code, 12030.
' There is no provision by which the court may determine the part or proportion of the estate-which may be set off and divided to the owner of the life estate. Of course, the life estate could be appraised separate from the whole estate and paid for out of the sale, if the sale is had, but there is no right to force a Sale where there is no right of partition. The right to a sale depends upon the right of the plaintiff to partition, as a condition precedent, and a sale follows only when the commissioners find that the estate can not be divided without manifest injury to its value and there is no election to take at their appraisement. General Code, 12034-12036.
■ If there was a provision whereby the tenant in common could enforce the sale of the estate not dependent upon the right to ■partition, I would be inclined to hold that the petition with the proposed-amendment-would be .good, but. there is no such pro.-vision, as already explained, and. holding the views which I .have-expressed,- the demurrer must be sustained.
judgment accordingly.